UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| GREGORY FOLSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN B.M. ANTONELLI,<br><br>Respondent. | Civil Action No. 19-0820 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on review of the petitioner's *pro se* petition for a writ of habeas corpus. The petitioner pled guilty to first degree child sex abuse, and now he is serving a 17-year term of imprisonment imposed by the Superior Court of the District of Columbia. The petitioner alleges that his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated because his trial counsel was ineffective. He asks this Court to reverse the Superior Court's judgment.

D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A claim that trial counsel was ineffective is the sort of claim "routinely brought pursuant to § 23-110." *Rahim v. U.S. Parole Comm'n*, 77 F. Supp. 3d 140, 146 (D.D.C. 2015) (citations omitted). A petitioner must file his § 23-110 motion in the Superior Court. *See* D.C. Code § 23-110(a). He has no recourse in this federal district court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a)."); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). "[T]he § 23-110 remedy is not considered inadequate or ineffective simply because the requested relief has been denied." *Pinkney v. United States*, No. 11-5239, 2012 WL 5995435, at *1 (D.C. Cir. Feb. 10, 2012) (per curiam) (citing *Garris*, 794 F.2d at 727).

For these reasons, the Court will deny the petition for a writ of habeas corpus. An Order accompanies this Memorandum Opinion.

DATE: April 16, 2019

_____
United States District Judge